**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CARL R. BROOKS, JR.,
Plaintiff-Appellant,

v.

SOUTHEASTERN PUBLIC SERVICE
AUTHORITY; DURWOOD CURLING,

No. 95-2260

Executive Director; IRVIN GENTRY,
Director of Operations; TONEY
SAUNDERS, Superintendent of
Transportation; RICHARD HAINS,
Supervisor of Transportation,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CA-94-590)

Argued: December 6, 1996

Decided: January 7, 1997

Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Scott Meadows Reed, SCOTT M. REED, P.C., Virginia
Beach, Virginia, for Appellant. Sharon Maitland Moon, LECLAIR,

RYAN, P.C., Richmond, Virginia, for Appellees. **ON BRIEF:** David L. Arnold, PENDER & COWARD, P.C., Virginia Beach, Virginia, for Appellee Hains; William M. Furr, T. Scott McGraw, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellees Southeastern, et al.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Carl R. Brooks, Jr. appeals an order of the district court granting summary judgment to Southeastern Public Service Authority (the Authority) and various individuals (collectively,"SPSA") on his claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 1996), the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 1996), and the Equal Protection Clause of the Fourteenth Amendment, and his claim that he was deprived of a property interest in his employment without due process of law in violation of the Fourteenth Amendment. Finding no error, we affirm.

Brooks was employed by the Authority as a truck driver from April 1992 until November 1993. In November 1992, Brooks asserts, he began to experience discrimination based on his disability and his refusal to join a "conspiracy" to bring about the termination of a black coworker. The discrimination took the form of refusals to accommodate his disability and a low performance evaluation. On April 22, 1993, Brooks surreptitiously tape-recorded a meeting with his supervisor during which the latter displayed racial animosity toward Brooks' coworker. Brooks delivered the recording to Authority officials, who terminated the supervisor. Brooks maintains that as a result of his actions, he was verbally abused by employees supportive of the terminated supervisor.

2

On October 20, 1993, Brooks met with Irvin Gentry and Toney Saunders, two of his superiors at the Authority, to discuss his claims of harassment. At the beginning of the meeting, Gentry inquired whether Brooks possessed a recording device and stated that he did not wish to be recorded. In response, Brooks produced a tape recorder and allowed Saunders to remove it from the room. Subsequently, however, Brooks implied to Saunders that he had recorded the meeting with a second recording device; he also told fellow employees that he had recorded the meeting. Shortly thereafter, Brooks was terminated for insubordination on the basis that he had defied a superior's order not to record the meeting.

Brooks brought this action, alleging discrimination, retaliation, denial of equal protection, and denial of procedural due process. The district court granted summary judgment to SPSA on all counts. With respect to the discrimination and retaliation claims, the district court concluded that Brooks had failed to establish a prima facie case of discrimination or retaliation. And, the court concluded, even if Brooks successfully had alleged a prima facie case, SPSA nevertheless was entitled to summary judgment because it had alleged a legitimate, nondiscriminatory reason for the discharge--namely, Brooks' insubordination--and Brooks had failed to show that the asserted reason was pretextual. The district court granted summary judgment on the equal protection claim because it was merely derivative of the Title VII and ADA claims and thus failed for the same reasons. Finally, the district court granted summary judgment to SPSA on the procedural due process claim because, assuming Brooks had a property interest in his employment with the Authority, he received adequate predeprivation and postdeprivation process.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly granted summary judgment to SPSA. Accordingly, we affirm on the reasoning of the district court. See Brooks v. Southeastern Pub. Serv. Auth., No. 94-590 (E.D. Va. May 19, 1995).

AFFIRMED

3